Good morning, Your Honors. Good morning. My name is David Ness. I represent Mr. Zamora-Brambila. Mr. Zamora-Brambila, as the Court is aware, was convicted under a North Dakota statute that prohibits any sort of sexual contact between a person that is over the age of 16 with a person that is — South Dakota. Is it North Dakota? Is it South Dakota? I'm sorry. I misspoke. South Dakota — You wouldn't want to do that back there, I think. No, that's true. Sexual contact with a person that is over the age of 16 with a person that is under the age of 16. Let me just clarify. You know, I noticed in your opening brief, you stated that the indictment alleged that Zamora-Brambila inappropriately touched his victim, and that the indictment contained in the exerts of record only refers to the fact that your client, and I quote, knowingly engaged in sexual contact with his victim. Do we have any indication anywhere in the record of the nature of the contact in this case? No. No, with the exception of what you can read into the statute. In order to be convicted under the statute, he would have either had to touch her breasts or her genitalia. Can you explain the discrepancy in your brief versus what was in the excerpts of record? No, I said in my brief that he inappropriately touched his victim, and you said the indictment alleged, and yet the indictment, you said the indictment alleged that he inappropriately touched his victim. As I read the indictment, and correct me if I'm wrong, it only refers to the fact your client knowingly engaged in sexual contact with his victim. I guess maybe what I was doing, and it was a poor choice of words, because I guess I viewed having sexual contact with the victim as a touching, and so I was substituting the two words, thinking that they were synonymous. Let me see in quotes, then. Oh, okay. I apologize for that. Thank you. Does the case of Pereira-Salmaron give you a problem? I don't think it does. The Pereira-Salmaron involved, of course, a different statute, and it involved a statute that required proof of much more intrusive conduct, that is, actual sexual intercourse. And it also required proof that the victim was at least one year younger than a victim would necessarily have to be who would be involved in the South Dakota statute. Given those facts, I don't believe that the Salmaron case is by any means necessarily dispositive of the issue here. But it does construe the statute or the guideline as not requiring independent proof of use of force, does it not? That's correct. Okay. So that aspect, because I thought you were arguing because there was no proof that there was force here, takes it outside the provisions. But that's not how Pereira-Salmaron reads the guidelines, right? Yeah, and I would agree. I don't think use of force in and of itself takes it outside of the guideline. I think what takes it outside of the guideline here is that when you look at the statute and you adopt the categorical approach, what we're talking about is simply a mere touch, either through or under the clothing, it doesn't matter, of a victim that only has to be under the age of 16. In the Salmaron case, it required actual sexual intercourse with a victim that was under the age of 15. So I think that those factors render the Salmaron case by no means dispositive of this case. But the guideline talks about sexual abuse of a minor, right? Correct. And why isn't the South Dakota law, then, sexual abuse of a minor? I think, you know, when you look at the cases and they analyze this term, they tend to break the actual term up into its individual words. And they talk about what the term sexual means, minor means, and what abuse means. Now, I would concede that it requires asexual touching and that the terms of the statute necessarily requires that the victim be a minor. Where I would disagree, however, is that the statute necessarily entails an abuse. And the law requires that the victim be a minor. Isn't it almost by definition an abuse if there's a sexual touching of a minor? How is it not an abuse? I would disagree, Judge. Give me your best argument on that, because it's striking me at different ways. Okay. Well, what I – where I would look, I think, is the approach that the Seventh Circuit has taken and the other circuits have taken with respect to statutory rape. And when we're talking about, in this case, we could have an 18-year-old senior, for example, who has a 15-year-old girlfriend, and perhaps he's one day over three years older than what she is, and he consensually touches her breast through her shirt, I would not consider that to be abuse. I would not consider that to be a criminal abuse or sexual abuse. You might not consider it, but we have our Ninth Circuit case of Barron-Medina, which holds that even innocuous touching may categorically be considered sexual abuse when perpetrated by an adult against a minor for the purpose of sexual gratification. What do you do with the Barron-Medina case? The Barron-Medina case, for one thing, the statute involved, again, a victim that had to be at least one year younger hurt. Younger than 14, which would be two years younger than what we're dealing with here. So, and I would also, I guess, what we're dealing with in the statute. In the statute. The statute, not talking about the facts, the underlying facts, which we don't get to with a categorical approach. Right. You don't necessarily take in the underlying facts. But the statute involved in Barron-Medina required that the victim be under the age of 14. Here we're talking about a victim that had to be under the age of 16. I guess I would also focus, I was rereading Barron-Medina when I was sitting in the back, and I don't know if the Court purposely used it or not. But the Court said may, you know, be child sexual abuse. It didn't say shall or categorically would be. Now, given those facts of Barron-Medina, I would again urge that Barron-Medina is by no means dispositive of this case. In fact, it has some significant differences. Two years' difference. The two years' difference. And also, I don't think that Barron-Medina necessarily decided the issue, necessarily decided that issue. That language in Barron-Medina, I think, is very well dicta, especially given some of the language used by this Court in following cases, particularly, I think it may have been the Melton case, where the Court said that we haven't categorically determined whether or not statutory rape is a crime of violence. So I think that if statutory rape is not, hasn't yet been decided to be categorically a crime of violence, I don't think that mere touching can be categorically a crime of violence. Kennedy. Is there anything under our modified, so-called modified categorical approach that allows us to go beyond your hypothetical and look to the fact that this person was, what, 33, and the victim or the subject was under the age of 60? I don't believe so, because I don't for one thing, his age isn't included in any of the documents, the charging documents, the indictments, any of the documents from the State court. The other thing is, is that I don't believe that you can categorize the age as being a judicially noticeable fact. That's something that I, certainly, if it's in the court below, a prosecutor would have to prove beyond a reasonable doubt, and it couldn't be judicially noticed. So for those reasons, I don't think that using the modified categorical approach. It wasn't in the charging document? The victim's age was in the charging document. But the age of the perpetrator? Was not in the charging document. Not. Okay. And it wasn't decided necessarily by the jury? It was not. It was a guilty verdict. If I sum, there's no interrogatory answer, or special verdict, or anything like that, on age of the perpetrator? No, not that I'm aware of. So I don't know, over 18? Just, yeah, over the most documents, I mean. Right. There's nothing in any of the documents. Is there, like, a pre-sentence report? Can we can, if there is, can we consider that? From the State court or from the Federal court? From the State court. Not in the record, no, Your Honor. And I would also note that even with respect to the victim's age, this Court has said on a number of occasions that you can't use simply the charging document to establish facts necessary to bring a crime within the generic crime of a, under the categorical approach. So I see I have 30 seconds left, so unless you have questions, it's a time. Thank you. Mm-hmm. May it please the Court, my name is David Dennis, on behalf of the United States. I'm an Assistant U.S. Attorney out of the District of Montana. This case really comes down to one issue, and that is whether the South Dakota statute under which the appellant was convicted reaches conduct that goes beyond what is considered, under the common everyday meaning, sexual abuse of a minor. Now, how about your, you know, your colleague's argument, what if you had a, a boy who's a senior in high school who's 18 plus one day and a girl, girlfriend who's 15, now maybe some of us would have urged or tried to keep our 15-year-old daughters not to go out with a boy three years older. But let's, let's just say that occurred. Is, is that, is that an abuse? Appellant says that really wouldn't be an abuse. Maybe it wouldn't be so great, but it wouldn't be what we normally think of as sexual abuse. Yeah, and that's what this argument has sort of come down to. And it's sort of evolved over time from the opening brief to the, to the reply brief to, to, to focus on, essentially, although it's never actually stated, what is an abuse, which is not a question that in the previous case law that this, this Court has looked at. The Court has, has, has examined statutes to determine whether or not the statute defines, applies to a minor, as that term is commonly understood, and whether it applies to acts that are sexual, as that term is commonly understood. But it's never really looked at abuse. Okay. Well, on the issue of abuse, if there was anything that was permissibly considered, that could be permissibly considered under the categorical approach, like anything that was in the record in the State Court, South Dakota case, that the government, in this case, could have, you know, could have submitted, that maybe that would make it easier. But right now, do we just have the statute and that's it? Yes, Your Honor. Under the categorical approach, I think we only look at the statute. Right. And look at the statute and, and determine whether the entire reach of, of that statute exceeds what is normally considered. In terms of it, then we have sort of a modified categorical approach in some cases where we could look at the indictment or at what the jury said, and even in some cases, what a defendant may have admitted to in court. But we don't have anything like that here that's part of the record. We do not, Your Honor. There is some mention in the pre-sentence report of, of age and relationship. But the United States position is that just on the categorical analysis alone. As a categorical matter, if there's a three-year age, more than three-year age difference and, and the minor is 15 or under, that it's abuse. That's correct, Your Honor. And, and it's abuse because the South, South Dakota legislature has defined it as abuse by making it a violation of the law. That they found the legislature by creating that statute and, and working in the three-year age difference and establishing the age of under 16 of the victim, that's what they've set as their standard for what is considered abuse. And, Your Honor, the South Dakota statute is much like the abuse of sexual contact statute under Federal law. If you take, if you examine the abuse of sexual contact statute, you'll find that the only difference between the two statutes is that the Federal statute requires a, a four-year age difference instead of a three-year age difference. The, the, the type of, types of conducts, the, the touching over the clothing, under the clothing, are essentially the same. And that statute, which is a Federal statute, defines what is abusive for Federal law. I don't, I don't think it's a real stretch to, to subtract a year off of that and, and reach the conclusion that it's reasonable for the South Dakota legislature to determine that, that a three-year difference is reasonable. In the South Dakota statute, that it's abuse. They're defining sexual contact. Where is it, if we trace this through, we're going from crime of violence under the guidelines to forcible sex offenses, including sexual abuse of a minor, to a South Dakota statute that doesn't use the term abuse, but uses sexual contact. So if we're just looking at the statutory language, where's the connector for abuse? That, that's correct, Your Honor. The South Dakota statute does not actually specifically mention abuse in the title or, or in the language. Right. But, but clearly, the purpose of the statute is, is to criminalize that type of behavior. Heavy petting in the theater. That's what could happen. That'd be, under South Dakota law, if they're in the theater and, an 18-year-old see, that'd have to be what, three years, 18-years-old, someone who is just barely outside the three-year range, as we used to call it, feels up his date, sneaks. And she is horrified and reports it. That's sexual contact. Yes, Your Honor. And therefore, that becomes sexual abuse. That, that becomes an abusive contact, Your Honor. Abusive contact. Yes. If there's just sort of, in and of itself, if there's sexual contact plus more than three years of age difference, plus it's with a minor, that's it. Those are the elements. That, that is correct. Those are the elements as I understand them, Your Honor, as I, as I read them in the South Dakota statute. That's interesting. Is this in a, for us to say that, that this is a, a crime of violence, does it, to some degree, represent an extension of our precedent in Pereira-Salmeron or Peron-Medina? Or is it just, I mean, there's a year of difference, I guess, in the statutes. Yeah, I, I don't think it would. Maybe some other differences. Yeah. I mean, do, do we need an, assuming we go with the government's position, should there be an opinion on this? Or, or can it be resolved by reference to prior precedent? I think it, it clearly can be resolved by reference to prior precedent, Your Honor. In Pereira-Salmeron, the Court spent most of its time examining whether or not sexual abuse of a minor required, required proof of, of a violent act or whether it was a crime of violence or whether it was a per se crime of violence under the statute. The actual analysis of the statute in that case covers two paragraphs at, at the end of the opinion. And essentially, the court concludes that under the common everyday understanding of the term sexual, and under the common everyday understanding of the term minor, that statute qualified as a statute that reaches only conduct that constitutes sexual abuse of a minor. In this case, you have the same situation. If you- It's clearly a different kind of statute. I mean, in, in the Pereira case, various forms of sexual misbehavior or sexual intercourse, et cetera, were described, whereas this statute just covers any form of sexual contact.  In the, in the, and I have trouble pronouncing it, the Pereira-Salmeron case, it, it prohibits carnal knowledge, which is specifically referred to as penetration, and then it refers to some oral, oral types of sexual acts. We would concede that the acts described in that statute certainly go further than the acts described in the South Dakota statute. However, the Court didn't dwell on, on what particular types of acts were prohibited. The Court focused its attention on whether or not the statute involved the minor, whether or not the statute involved sexual acts, and concluded that under the common everyday interpretation of, of those two terms, this, this statute constituted sexual abuse of a minor. And we have the same situation here with the South Dakota statute. South Dakota legislature has determined that, that this type of conduct should be prohibited. Should, should be made illegal. And again, I, I would analogize it to the abuse of sexual contact with a minor violation under federal law, under section 2244A3. The only difference, the only real difference in those, those two violations, those two statutes, is an age difference of one year. I see that my time is up. That concludes the government's presentation. Roberts. Thank you. I would just very briefly, I think, make one point. Could you please speak up? I very briefly, I speak softly, I know. I would very briefly make one point. The fact that a State, a legislature, a Congress may have made, may have defined a crime does not necessarily lead to the conclusion that the crime constitutes a crime of violence or a child sex abuse type crime. And what the court needs to stay away from is the very warning contained in Taylor that we're not, these issues aren't decided by the vagaries of the State law or by jurisdictional sort of law. And that's why we have the categorical approach to begin with. So the fact that South Dakota may have determined that this should be a crime should by no means lead to the conclusion that this Court should determine that it's a crime, a child sexual abuse type crime. It's a categorically a forcible sex offense? I mean, it's certainly a sex offense. Is it categorically forcible? No. Under circumstances where there's a minor involved? I don't think so. I would go back to Judge Fischer's analogy on the two teenagers in a movie theater. I don't think that that necessarily carries the same potential for violence as, for instance, a crime involving incest or a crime involving much greater age differences. Thank you. Thank you. All right, counsel, thank you for your argument. We appreciate and the case just argued is submitted.
judges: D.W. Nelson, Fisher, Gould